# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing,<br><br>                       Plaintiff,<br><br>v.<br><br>Allfi, Inc., et al.,<br><br>                       Defendants. | Case No.: 3:18-cv-0158-AJB-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br>**(Doc. No. 49)** |

Before the Court is Plaintiff Anton Ewing's motion for default judgment against Defendants Innovative Business Capital, LLC, Todd Parker, and Yakim Manasseh Jordan. (Doc. No. 49.) However, the Court finds that Plaintiff has not stated a legally sufficient claim against any of these defendants for the claims brought in his complaint. Although allegations are typically taken as true once the Court Clerk enters default, those which are legally insufficient are not. Accordingly, the Court **DENIES** Plaintiff's motion.

## I. BACKGROUND

Plaintiff brings his normal Telephone Consumer Protection Act case against various defendants alleging defendants engaged in a scheme to "use the wires of the United States to criminally call Plaintiff . . . ." (Doc. No. 1 ¶ 10.) Default judgments were entered against Innovative and Parker on May 7, 2018, (Docs. No. 21, 22), and against Jordan on February 26, 2019, (Doc. No. 46). None of the three defendants have opposed Ewing's motion for

default judgment.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors, commonly referred to as the *Eitel* factors: (1) "the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citation omitted).

Generally, once the court clerk enters default, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992), *superseded by statute on other grounds*, Pub. L. No. 100-702, 102 Stat. 4669.

## I. DISCUSSION

Plaintiff argues he had met all the *Eitel* factors and thus requests the Court grant his motion for default judgment. However, because the Court finds Plaintiff failed to state either a RICO, TCPA, or CIPA claim against Innovative, Jordan, or Parker in his complaint, the Court only analyzes the relevant *Eitel* factors—the second and third—and **DENIES** Plaintiff's motion.

### 1. Substantive Merits and Sufficiency of Claim

Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Plaintiff brings claims for RICO under 18 U.S.C. § 1964, TCPA violations under 47 U.S.C. § 227, and California Invasion of Privacy ("CIPA") §§ 632, 637.2, and 632.7. (Doc. No. 1.)

#### a. RICO

To state a claim for a RICO violation under Section 1962(c) a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). An "enterprise" in the text of RICO is fairly straightforward and not demanding, *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007), and includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "Racketeering activity" is any act indictable under the several provisions of Title 18 of the United States Code. 18 U.S.C. § 1961(1); *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). A "pattern of racketeering activity" requires at least two predicate acts. *Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008) (internal citations omitted).

Although Plaintiff believes all his claims are admitted by default, legally deficient claims are not established through this procedure. Plaintiff makes no argument as to these facts with regards to his RICO claim. Looking to his complaint, Plaintiff only provides a formulaic recitation of RICO's elements. (Doc. No. 1 ¶ 15.) Plaintiff has not shown—beyond conclusory allegations—how the three defendants here acted in unison to form an enterprise or conducted a pattern of racketeering activity. (*See id.* ¶¶ 93–102.) Thus, the Court **DENIES** granting default judgment or damages under this claim.

#### b. TCPA

The TCPA makes it unlawful to use an ATDS without the prior express consent of

the called party, to call any cellular telephone. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012). To sufficiently allege a violation of the TCPA, Plaintiff must plead two elements: (1) a call to a cellular telephone; (2) via an ATDS. *Robbins v. Coca Cola Co.*, No. 13-CV-132, 2013 WL 2252646, at *2 (S.D. Cal. May 22, 2013).

Here, Plaintiff does not allege that Innovative called him using an ATDS. In his complaint, Plaintiff states Innovative was using its "web domain . . . to run its wire fraud scam." (Doc. No. 1 ¶ 1(g).) Plaintiff similarly fails to allege Parker called him using an ATDS. Rather, Plaintiff alleges Parker sent him three emails and once "called Plaintiff prior to 8:00 a.m. and tried to sell Plaintiff a loan." (*Id.* at (h).) But Plaintiff does not establish Parker used an ATDS during this call. Finally, Plaintiff fails to establish that Jordan actually called him using an ATDS. Instead, Plaintiff alleges that Jordan "runs a religious telemarketing scam. Jordan's scam is massive. . . . Jordan has figured out how to employ an ATDS with prerecorded messages and third world country call centers to run his [ ] scam." (*Id.* at (k).)

In his motion for default judgment, Plaintiff argues Innovative Business Capital, LLC called him 12 times and Jordan called him 118 times. (Doc. No. 49 at 5.) However, these allegations are not found in the complaint. Plaintiff points to paragraph 12 of his complaint as proof of the calls, however, that paragraph merely alleges that "Defendants placed repeated automated telephone calls" without specifying which defendant called and when. (Doc. No. 1 ¶ 12.) Regarding Jordan, Plaintiff states he "continues to receive Jordan's pre-recorded scam messages on both phones even to this day[.]" (Doc. No. 49 at 10.) Plaintiff states that Exhibit F attached to the complaint denotes the details of Jordan's calls to him, however, if exhibits are "intended to support a complaint, such exhibits must be attached to the complaint and must be incorporated by reference." Fed. R. Civ. P. 10(c); *Martin v. Yates*, No. 1:09–cv–00755–DLB (PC), 2009 WL 3320456, at *2 (E.D. Cal. Oct. 14, 2009) ("If Plaintiff attaches exhibits to his complaint, each exhibit must be specifically referenced. For example, Plaintiff must state 'see Exhibit A' or something similar in order to alert the court to exactly which exhibit plaintiff is referencing."). Here, Plaintiff does not

use the word "exhibit" once in his complaint. (*See* Doc. No. 1.) Thus, the Court will not consider Plaintiff's voluminous and unreferenced exhibits as support. *See Yeron v. Hirsh*, 2007 WL 4215242, at *3 (E.D. Cal. Nov. 28, 2007) ("Plaintiff may not merely point the court to attached exhibits and expect that the court will read through all of the exhibits and determine which exhibit it appears that plaintiff refers to. Further, if the exhibit consists of more than one page, plaintiff must refer to the specific portion of the exhibit.").

Plaintiff allege that the only defendants who called him are Allfi, Inc., Frank Shreyberg, Glamour Services, and Term Funding, Inc. however, these defendants were dismissed from the case in 2018. (Docs. No. 10 (dismissing Allfi and Shreyberg), 12 (dismissing Term Funding), 41 (dismissing Glamour).) Accordingly, the Court finds Plaintiff did not state a legally sufficient claim under the TCPA against the three defendants here. Thus, the Court **DENIES** granting Plaintiff's default judgment under this claim.

### c. CIPA

CIPA is California's anti-wiretapping and anti-eavesdropping statute and is designed "to protect the right of privacy." Cal. Penal Code § 630. The Act provides for a civil action for damages based on violations of section 632 which prohibits recording a "confidential communication" "intentionally and without the consent of all of the parties." *Id.*; Cal. Penal Code § 637.2(a) ("Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation."). To state a claim for violation of § 632, the three elements that a plaintiff must plead are "(1) an electronic recording of (or eavesdropping on); (2) a 'confidential' communication; [where] (3) all parties did not consent." *Weiner v. ARS Nat'l Servs., Inc.*, 887 F. Supp. 2d 1029, 1032 (S.D. Cal. 2012) (citing *Flanagan v. Flanagan*, 27 Cal. 4th 766, 774–76 (2002)). Section 632(c) defines a "confidential communication" as including "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." Cal. Penal Code § 632(c). Excluded from protection are communications in "circumstance[s] in which the parties to the communication may reasonably expect that the communication may be overheard or

recorded." *Roberts v. Wyndham Int'l, Inc.*, No. 12CV5083, 2012 WL 6001459, at *5 (N.D. Cal. Nov. 30, 2012); Cal. Penal Code § 632(c).

However, without finding any allegations that Innovative or Jordan called Plaintiff, the Court finds they could not have also recorded Plaintiff. With regards to Parker, Plaintiff does not allege that during the one phone call Parker made to Plaintiff he was being recorded. Accordingly, the Court also finds Plaintiff cannot state a claim against these defendants under CIPA and **DENIES** granting default judgment under it.

## II. CONCLUSION

The Court **DENIES** Plaintiff's motion for default judgment against Innovative, Parker, and Jordan finding the second and third *Eitel* factors cannot be met as Plaintiff cannot state a legally sufficient claim against these defendants. (Doc. No. 49.) As no other defendants remain in the case, the Court **DIRECTS** the Court Clerk to close the case.

**IT IS SO ORDERED.**

Dated: August 13, 2019

Hon. Anthony J. Battaglia
United States District Judge